**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ROBERT LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N25C-01-270 CLS |
| ACCESS LABOR TEMP SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 31, 2025
Decided: April 3, 2025

## ORDER

Having considered Defendant Access Labor Service, Inc.'s ("Defendant")[1] Motion to Dismiss ("the Motion"), Plaintiff Robert Lee Williams' ("Plaintiff") Complaint and Response to the Motion, it appears to the Court the following:[2]

1. On February 17, 2025, Plaintiff filed a Complaint.[3] In it, Plaintiff states that he "worked [sic] Access Labor Temp Service" and because "business is slow," he "lost [his] job [sic] May 1, 2023 and [sic] been without a job since then."[4]

---

[1] Defendant is named as "Access Labor Temp Service" and "Access Temp Labor Service" by Plaintiff.

[2] The facts described here are drawn from all documents the parties incorporated by reference. The Court accepts those facts solely for the purpose of ruling on the Motion.

[3] *See generally* Complaint, D.I. 5 ("Compl.").

[4] *Id.* "Significant mistakes in the original should be followed by "[sic]" and otherwise left as they appear in the original." THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 5.2(c), at 83 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).

1

2. Defendant moved for dismissal pursuant to Superior Court Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.[5] Specifically, it argues that the Complaint fails to state a viable cause of action.[6] Plaintiff promptly responded to the Motion.[7]

3. In reviewing a motion to dismiss, the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the non-moving party would not be entitled to recover under any reasonably conceivable set of circumstances.[8] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[9]

4. The Court recognizes that *pro se* litigants' submissions are to be liberally construed.[10] A litigant's insufficiency of legal knowledge, however, is not a valid defense or grounds for leniency in meeting the requirements of a claim.[11]

---

[5] *See generally* Defendant's Motion to Dismiss Plaintiff's Complaint, D.I. 10 ("MTD").

[6] *See id.*

[7] *See generally* Pro-se Plaintiff's Response to Defendant's Motion to Dismiss, D.I. 13 ("Resp.").

[8] *See ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[9] *Id.* (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[10] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erickson v. Pardis*. 551 U.S. 89, 94 (2007).

[11] *Damiani v. Gill*, 116 A.3d 1243, 1243 (Del. 2015) (citing *Draper v. Med. Ctr.,* 767 A.2d 796, 799 (Del. 2001)); *see also Price v. State Farm Mut. Auto. Ins. Co.*, 2013 WL 1213292, at *7 (Del. Super. Mar. 15, 2013) (citing *Nemec v. Shrader*, 991 A.2d 1120, 1126 (Del. 2010).

5.      The present matter requires the Court to determine whether Plaintiff's Complaint presents sufficient specificity such that Defendant is on notice of the claims against it.[12]   The Complaint consists of two hand-written paragraphs regarding him losing his job at "Access Labor Temp Service."[13]  Even drawing all reasonable inferences in a light most favorable to Plaintiff, dismissal is warranted.

6.      In his response to the Motion, Plaintiff stated that he is "stressing out of [his] mind [sic] bills are piling up [sic] I might don't [sic] have a place to live. Like I said I [sic] been out off [sic] work since May 1, 2023 and still looking [sic] work."[14] As sympathetic as the Court may be, even with the most liberal reading of the pleadings, it is difficult to discern any cause of action arose from them, not to mention the relief upon which could be granted.

7.      Therefore, the Court finds that Plaintiff has not met his burden under Rule 12(b)(6).  Accordingly, Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

*/s/ Calvin Scott*

Calvin L. Scott, Jr.
Judge

---

[12] A complaint needs to "put[] the opposing party on notice of the claim being brought against it." *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970)).

[13] Compl.

[14] *See* Resp.